UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Sherwin-Williams Company, | ) | CASE NO. 1:09 CV 1038 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Motley Rice, LLC, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion to Dismiss Counterclaim (Doc.

8).  For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, The Sherwin-Williams Company (hereafter, plaintiff or Sherwin-Williams),

filed this Complaint against defendant, Motley Rice LLC (hereafter, defendant or Motley

Rice) and John Does in the Cuyahoga County Court of Common Pleas.  The case was

subsequently removed to this Court on the basis of diversity of citizenship.

The Complaint alleges the following, in pertinent part.  Since 1999, the law firm of

Motley Rice has represented the Rhode Island Attorney General, among others, in public

1

nuisance and personal injury lawsuits brought against Sherwin-Williams, and other former manufacturers of lead paint and pigments (hereafter referred to as the Rhode Island Litigation).  Under a contingency fee agreement with the Rhode Island Attorney General, Motley Rice and other counsel are responsible for all costs and expenses of prosecuting the claims in the Rhode Island Litigation.

In July 2008, the Rhode Island Supreme Court unanimously ruled in favor of Sherwin-Williams and other defendants in the Rhode Island Litigation, reversing a jury verdict in favor of the State of Rhode Island and holding that the complaint should have been dismissed by the trial court.

Subsequently, Sherwin-Williams and other defendants petitioned the Rhode Island trial court for reimbursement of non-attorney litigation costs incurred in defending the lawsuit.
Motley Rice filed a response to the motion and attached, as an exhibit, a copy of PowerPoint slides addressing Sherwin-Williams's total lead litigation defense costs and potential insurance coverage from a privileged, confidential, proprietary presentation made to Sherwin-Williams's Board of Directors by its Associate General Counsel.

Sherwin-Williams never produced in any lawsuit the documents or information contained in the PowerPoint slides, and the information had not been publicly disclosed. Motley Rice deliberately obtained, kept, and used the stolen copies of the PowerPoint slides. Motley Rice has attempted to use the documents for its own benefit.  Since Motley Rice is obligated under its contingency fee agreement with the Rhode Island Attorney General to pay all costs of the Rhode Island Litigation, it has a personal financial self-interest in whether the

trial court awards costs (and the amount) to Sherwin-Williams.

The Complaint herein sets forth claims for conversion, replevin, and aiding and abetting tortious conduct, and it seeks, among other relief, a temporary restraining order, preliminary injunction, and permanent injunction.

Defendant responded to the Complaint in state court with a motion to dismiss and request for sanctions, attorney's fees, and costs. (Ex. A to Answer and Counterclaim).  The motion to dismiss asserted that plaintiff was forum shopping given that the issues raised in the Complaint were being adjudicated as part of a discovery dispute in the Rhode Island Litigation. Attached to the motion to dismiss was a decision issued in the Rhode Island Litigation as to Sherwin-Williams's motion for protective order.  The judge stated, in part, that the document at issue did not appear to be privileged on its face but that limited discovery would be allowed before a final determination was made as to whether the document was privileged. The decision was issued just prior to the filing of the Complaint herein. (*Id.*)

Common Pleas Court Judge O'Donnell denied the motion to dismiss. (Cuyahoga County Court of Common Pleas Court Docket No. CV-09-689237)  After a hearing regarding the plaintiff's motion for a temporary restraining order, the parties agreed to an order requiring defendant to deposit, under seal, the documents at issue in its possession. (*Id.*) Defendant thereafter deposited copies of the documents under seal with the Court of Common Pleas.  (Cuyahoga County Court of Common Pleas Court Docket No. CV-09-689237) Plaintiff then moved to examine the documents filed under seal, and defendant opposed the request. Judge O'Donnell granted plaintiff's motion. (*Id.*) Plaintiff states that upon examination of the sealed documents, it determined that the PowerPoint slides in defendant's

3

possession were from not one but numerous board presentations spanning a period of several years. Additionally, all of the slides contain confidential, proprietary business information that is also privileged. All of the slides also address pending litigation. Much of the litigation involves claims where defendant represents an adverse party.

Subsequently, defendant filed its Notice of Removal, and then its Answer and Counterclaim.  The Counterclaim asserts two counts: abuse of process and malicious prosecution.  Following the filing of the Motion to Dismiss Counterclaim, defendant dismissed the malicious prosecution claim.  Accordingly, this matter is now before the Court upon plaintiff's Motion to Dismiss Counterclaim as to the abuse of process claim only.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS*

4

*Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6ᵗʰ Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### **Discussion**

Plaintiff argues that the abuse of process Counterclaim fails to state a claim.  The Counterclaim alleges in general that "[t]he factual issues raised in all the filings of the Plaintiff have been very recently previously litigated in [the Rhode Island Litigation]," and "[this] lawsuit was filed as a direct attempt to circumvent the rulings and jurisdiction of the judge in the Rhode Island Litigation and constitutes nothing more than a wrongful conspiracy by the Jones Day law firm and the Plaintiff to forum shop."   As to abuse of process, defendant alleges particularly that "the naming of the defendant in this litigation is really done to harass and/or intimidate and/or retaliate" against the defendant for pursuing the Rhode Island Litigation.

The Sixth Circuit has recently noted that under Ohio law, the tort of abuse of process has three elements: (1) a legal proceeding has been set in motion in proper form and with probable cause, (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, and (3) direct damage has resulted from the wrongful use of process.  *Graham v. Best Buy Stores, L.P.*, 298 Fed.Appx. 487 (6ᵗʰ Cir. 2008).

The Sixth Circuit recognizes that

An abuse-of-process claim will not survive a motion to dismiss when it is supported only by 'conclusory allegations regarding the defendants' ulterior motives with no facts to support those contentions.' This court has also noted that 'there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.'

*Id.* (citing *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir.1999).

Ohio courts have stated, "An action for abuse of process is concerned with the improper use of process after it has been issued: whether there has been employment of process in a manner not contemplated by law or to obtain an object which such process is not intended by law to effect." *Kavlich v. Hildebrand,* 2009 WL 625725 (Ohio 8th App. Dist. March 12, 2009) (citations omitted).  And, "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Id.* (citing *Robb v. Chagrin Lagoons Yacht Club,* 75 Ohio St.3d 264 (1996)).

Furthermore, "Abuse of process does not lie for the wrongful bringing of an action, but for the improper use, or 'abuse,' of process.  Thus, if one uses process properly, but with a malicious motive, there is no abuse of process, though a claim for malicious prosecution may lie. The tortious character of the defendant's conduct consists of his attempts to employ a legitimate process for a legitimate purpose in an improper manner." *Id.* (citing *Kremer v. Cox*, 114 Ohio App.3d 41 (1996).

In *Kremer, supra,* a claim for abuse of process that was premised upon the defendant's filing of a complaint against the plaintiff was rejected. ("Kremer contends that, by including Kremer in his lawsuit, Cox committed a tort. Kremer's claim was premised solely on the filing of Cox's complaint itself, which Kremer claims was done without probable cause and for nefarious purposes. Such a rationale may support a claim for malicious prosecution, but cannot provide a sufficient foundation for an abuse of process action.") Similarly, in *Wochna v. Mancino*, 2008 WL 623731 (Ohio App. 9th Dist. March 10, 2008), defendants' counterclaim against plaintiffs for abuse of process was premised upon the filing of the litigation.  The

6

appellate court concluded that "because the conduct of which [defendant] complained is the [plaintiffs'] action in filing this litigation itself, the trial court did not err in granting summary judgment to them on his claim for abuse of process."

For the following reasons, the Court agrees with plaintiff that the Counterclaim fails to state a claim.

The parties agree that the second element of the abuse of process allegation is at issue here.  As to the second element, defendant bears the burden of proving "an act committed during the process that was not proper in the normal context of the proceeding and the [plaintiff's] ulterior motive."  *Beamer v. Netco, Inc.,* 411 F.Supp.2d 882 (S.D.Ohio 2005) (citations omitted).

Plaintiff contends that defendant's allegations relating to plaintiff's motives are no more than conclusory recitations of the elements of the claim which will not suffice to state a claim.  The Counterclaim alleges generally, "This lawsuit was filed as a direct attempt to circumvent the rulings and jurisdiction of the judge in the Rhode Island Litigation and constitutes nothing more than a wrongful conspiracy by the Jones Day law firm and the Plaintiff to forum shop."  The abuse of process allegation states in full:

> 12. The naming of the Defendant in this litigation is really done to harass and/or intimidate and/or retaliate (against) the Defendant for pursuing the Rhode Island Litigation.
>
> 13. The legal proceedings instituted by Plaintiff has [sic] been set in motion in proper form and with probable cause as it relates to other persons or unnamed parties.
>
> 14. The legal proceedings instituted by Plaintiff against Defendant has [sic] been perverted to accomplish an ulterior purpose for which the said legal proceedings were not designed.
>
> 15. The legal proceedings instituted by Plaintiff constitute an abuse of process.

16. Said abuse of process is the proximate cause of the damages to Defendant, including but not limited to attorney fees, lost time on Defendant's business schedule and the costs of this action.

The Court agrees with plaintiff that the allegations relating to plaintiff's motives amount only to conclusory recitations of the elements of the claim.  Nor does the Counterclaim identify what plaintiff has done beyond carrying out ordinary legal process to its authorized conclusion.  There is no statement explaining what plaintiff is attempting to achieve that this Court is powerless to order.[1]

Defendant asks this Court to evaluate the claims asserted in plaintiff's Complaint and conclude that because they lack merit, the Court may infer an ulterior purpose supporting the facts pled in the Counterclaim that this litigation is a form of retaliation and harassment.  The Cuyahoga County Common Pleas Court judge, however, has previously denied defendant's motion to dismiss the Complaint.  Moreover, the parties are already in agreement that these proceedings are in proper form with probable cause.  Nonetheless, as stated above, there is no liability for abuse of process where the plaintiff has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.  Rather, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order.  Assuming plaintiff's real ulterior purpose in filing this

---

[1]     In a supplemental brief, defendant directs the Court to Sherwin-Williams's Rule 26(a) Initial Disclosures.  But, this Court is not permitted to consider matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim.  Regardless, even is this Court considers this material, it does not show a perversion of the proceeding because plaintiff has not asked this Court in its Complaint to disqualify Motley Rice from serving as counsel in suits involving Sherwin-Williams.  Rather, plaintiff is seeking relief for which this Court has power to order.

lawsuit was to circumvent the rulings in the Rhode Island Litigation in order to conduct discovery as to the documents at issue as well as to retaliate against defendant, it is within the Court's power to permit or deny the discovery.

Defendant points to *Robb v. Chagrin Lagoons Yacht Club, Inc.,* 75 OhioSt.3d 264 (1996), for the proposition that initiation of a lawsuit with no chance of success supports an abuse of process claim. In *Robb*, however, the court found an issue of fact as to whether plaintiffs instituted various lawsuits to achieve through use of the court that which the court was itself powerless to order, i.e., evidence showed that ousted members of a yacht club used the legal process to try to coerce yacht membership to vote in plaintiffs' favor. The court stated, "Clearly, the trial court had no authority to order club members how to vote." There is no similar allegation of an ulterior purpose here- one that is outside this Court's authority.

Defendant's allegation that plaintiff filed the Complaint to harass, intimidate, and/or retaliate against defendant for pursuing the Rhode Island Litigation is not enough to support an abuse of process claim. As stated above, abuse of process does not lie for bringing an action with bad intentions or malicious motive. Ohio courts have "consistently held" that even if plaintiff's purpose is motivated by ill-will or bad faith, or is entirely frivolous, this does not amount to abuse of process. *See Sullivan v. Tuschman*, 2007 WL 2013531 (Ohio App. 6th Dist. July 13, 2007) (citations omitted). Again, the action must be taken to accomplish an ulterior purpose for which it was not designed.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Dismiss Counterclaim is granted.

9

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/2/09