**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **The Sherwin-Williams Company,** | ) | **CASE NO. 1:09 CV 1038** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Motley Rice LLC and John Does,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion for Leave to File Its First Amended Complaint (Doc. 19).  This case arises out of the alleged theft and conversion of plaintiff's confidential and privileged documents.  For the reasons that follow, the Court GRANTS the motion for leave to amend to add Stephen Walker as a defendant.  Because adding Stephen Walker destroys diversity and divests the Court of subject matter jurisdiction, the Court does not reach the merits of plaintiff's motion to add additional claims, and these proceedings will be REMANDED to state court.

1

**FACTS**

Plaintiff, The Sherwin-Williams Company, brings this action against defendants, Motley Rice LLC, a law firm, and unknown John Does, alleging that defendant wrongfully obtained and used plaintiff's documents that contain confidential, proprietary, and privileged information. Plaintiff alleges that defendant obtained these documents with the assistance of plaintiff's former employee or employees and used them for defendant's own financial gain and to harm plaintiff.

Plaintiff originally sued Motley Rice LLC (hereinafter "Motley Rice") and the John Does in state court.  The complaint contains four claims for relief.  Count One is a claim for conversion.  Count Two is a claim for replevin.  Count Three is a claim for aiding and abetting tortious conduct.  Count Four is a claim for injunctive relief.  Motley Rice removed the suit to this Court based on diversity.

Plaintiff now moves the Court for leave to amend its complaint to add Stephen Walker (hereinafter "Walker") as a defendant, and to add claims for relief against Walker and additional claims against Motley Rice and the John Does.  In its amended complaint plaintiff identifies Walker, an Ohio resident and plaintiff's former employee, as the person responsible for stealing plaintiff's documents and providing them to Motley Rice.  Except for the addition of plaintiff's claim alleging misappropriation of trade secrets, Motley Rice opposes the motion.

**ANALYSIS**

Where a case has been removed to federal court on the basis of diversity and a plaintiff moves to amend the complaint to add a party who will destroy the federal court's subject-matter jurisdiction, the district court may either deny joinder or permit joinder and remand the action to state court.  28 U.S.C. § 1447(e).  "The general impetus for applying § 1447(e) is for the trial

court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.,* 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008). In exercising its discretion the court considers the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. *Id.* at 823-24. *See also Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Assn.,* No. 08-475-C, 2009 U.S. Dist. LEXIS 20966, at *5-6 (W.D. Ky. March 13, 2009); *Gieringer v. The Cincinnati Ins. Cos.,* No. 3:08-CV-267, 2008 U.S. Dist. LEXIS 68058, at *5-6 (E.D. Tenn. Sept. 5, 2008). *Accord Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536, 540 (6th Cir. 2006). The most important factor is whether the purpose of the amendment is to defeat federal jurisdiction. *Deutsche Bank,* 571 F. Supp. 2d at 824.

Plaintiff asserts that at the time the complaint was filed it did not know who stole its documents and provided them to Motley Rice, and that it anticipated naming an Ohio resident as a defendant in the future. It indicated this in paragraph eight of its original complaint: "The John Does are persons presently unknown to Sherwin-Williams who assisted, aided, and abetted Motley Rice in the tortious acts alleged in this Complaint. The John Does are believed to be residents of the state of Ohio."

Motley Rice responds that the only possible explanation for plaintiff's motion to amend to add Walker is that plaintiff is attempting to defeat federal jurisdiction. Motley Rice argues that as a result of plaintiff's investigative deposition, plaintiff suspected that Walker was involved in the theft of the documents prior to filing the complaint but "made the conscious decision" not to name Walker as a defendant. Motley Rice also argues that plaintiff cannot now

3

claim that it knows the identity of the person who stole the documents when it did not know the identity upon filing the complaint, because no discovery in this suit has identified the person. Motley Rice accuses plaintiff of being dilatory for waiting four months– since the complaint was originally filed– to add Walker as a defendant, and argues that plaintiff is forum-shopping by seeking to have the case remanded to state court.  Finally, Motley Rice insists that adding Walker as a defendant will cause Motley Rice additional delay in resolving this matter.

Plaintiff replies that its purpose in adding Walker is not to defeat federal jurisdiction, but to identify and hold accountable the persons who stole its documents and the persons who received the documents and benefitted from the theft.  Plaintiff alleges that during the investigative deposition Walker denied under oath any involvement in taking the documents, thus plaintiff was not comfortable naming Walker as a defendant when the complaint was filed. Plaintiff also alleges that investigation subsequent to removal led to documents and information supporting the conclusion that Walker was involved in stealing the documents, and plaintiff has identified such documents in its initial disclosures and will provide them to Motley Rice once a protective order is agreed upon.

Upon review, the Court finds that plaintiff's motion for leave to amend to add Stephen Walker as a defendant must be granted.  This is not a case where plaintiff is adding a defendant admittedly for the purpose of destroying diversity jurisdiction, as was the case in *Deutsche Bank*, or where plaintiff has offered no other possible explanation for adding the defendant, as in *Gieringer.*  At the time it filed its complaint, plaintiff anticipated naming an Ohio resident as a defendant at some point in the future, which it indicated by including John Does, residents of Ohio, as defendants.  If, as Motley Rice argues, plaintiff wants to be in state court and plaintiff

4

had a sufficient factual basis to include Walker as a defendant when the complaint was originally filed, plaintiff could simply have named Walker at that point and avoided removal altogether. Instead, plaintiff continued to investigate to ensure it had enough evidence to support the serious allegations against Walker, who plaintiff alleges was a key participant in the acts on which the complaint is based.  *See, e.g., Bridgepointe Condominiums,* 2009 U.S. Dist. LEXIS 20966 at * 9 ("[T]he plaintiffs waited until they obtained evidence . . . to establish the factual basis for those claims.  The court will not punish the plaintiffs for their prudent delay by refusing to permit them to [add a defendant].").  The Court finds that plaintiff's purpose in amending the complaint is not to defeat diversity jurisdiction.

The Court also finds that plaintiff has not been dilatory in seeking leave to amend. Indeed, plaintiff filed for leave to amend to add Walker well before September 30, 2009– the pleading amendment deadline set by the Court.  Additionally, if plaintiff is forced to sue Walker separately in state court, it will be litigating many of the same claims in two different forums which is burdensome and could lead to inconsistent results.  Thus, plaintiff will be significantly injured if the Court denies leave to add Walker.  Other equities do not warrant denying plaintiff leave to amend.  Based on the analysis above, the Court finds that plaintiff is not forum-shopping by seeking to add Walker as a defendant, nor will this matter be subject to any serious "further delay" as Motley Rice argues, because this litigation is still in its early stages.  Although out-of-state defendants have a substantial interest in proceeding in a federal forum, this interest does not outweigh the other factors, nor does granting leave to amend prejudice Motley Rice, who was on notice that federal jurisdiction might be destroyed if other Ohio defendants were identified. Accordingly, plaintiff's motion for leave to amend the complaint should be granted to add

5

Walker as a defendant.

## **CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Leave to File Its First Amended Complaint is GRANTED to add Walker as a defendant. Because Walker is an Ohio resident, the Court's diversity jurisdiction is destroyed and the Court cannot reach the merits of plaintiff's motion as to the additional claims. Plaintiff is ordered to file its amended complaint within five days of the date of this order. Upon docketing of the amended complaint, this case will immediately be remanded to state court for all further proceedings.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/19/09